CELIA OLMEDO WOODS, Plaintiff and Appellee, *v.* ROMUALDO RIVERA, PABLO MELÉNDEZ and PHILIP EL KOURY, Defendants and Appellants.

No. 8363.  Argued May 26, 1941.—Decided May 29, 1941.

*E. Martínez Rivera,* for appellants.  *Miguel Olmedo Toste,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

On April 18, 1941, the plaintiff appellee filed a motion for the dismissal of the appeal taken in this case, which she notified to the defendants appellants on the same date and whose hearing was set for May 26, last.

On the day of the hearing, appellants filed a motion "for the removal from the record of a pleading of the appellee and requesting the striking out of certain irrelevant matter." The parties were heard on this motion and we continued the hearing on the motion to dismiss the appeal.

Appellants request to have stricken from the record the two paragraphs of appellee's motion which read as follows:

"That in the meantime, after the hearing had been held in the lower court on January 27, 1941, but before the Hon. Jorge L. Córdova had rendered his judgment, the defendant Philip El Koury, through his counsel E. Martínez Rivera, filed with the Clerk of the Court, without notifying the plaintiff or her lawyer,—and in a manner so surreptitious and collusive that he succeeded in getting the clerk to disregard the established practice of notifying the order of the court to the other party—a motion wherein, without due respect to the court, he stated the falsity that 'the court had rendered judgment in this case dismissing the complaint in all its parts; that this judgment was final, and that the cancellation of the *lis pendens*, recorded in the books of the Registry of Property, should be effected.'

"To this motion the judge, Hon. R. La Costa Jr., taken by surprise or relying in the honorability of the lawyer, provided 'as requested'; to a motion whose prayer involved the issuance of a warrant to the registrar ordering him to cancel a *lis pendens* entered on the margin of the record of a property in controversy."

Appellants allege that the statements aforementioned constitute matter irrelevant and impertinent to the essential issue submitted to this Court and that said remarks are baseless as may be ascertained by the certified copy of an order rendered by the District Court of San Juan on May 20, 1941, in this same case, in connection with similar charges made by the appellee before said court; that said remarks have been made by counsel for appellee maliciously and with

the sole purpose of inflicting a personal offense to the lawyer of the appellants, and finally, that said statements are contrary to the rules of this Court and to the Canons of Professional Ethics and also constitute disrespectful conduct to the judge of the lower court, Mr. La Costa, and to this Court.

It appears from the order entered by Judge La Costa, which is accompanied to appellants' motion, that he stated in connection to statements similar to those above copied:

"When this court entered the order of which the plaintiff complains, *it was not surprised or deceived*. The facts alleged in the motion which gave rise to said order *were not false;* said motion was not surreptitiously filed."

The motion which gave rise to this order was filed on April 26 and requested that the defendants and their counsel, Attorney Edelmiro Martínez Rivera, be punished for contempt. The court denied the motion.

The statements contained in the two paragraphs above copied, are clearly irrelevant and immaterial to the issue regarding the dismissal of the appeal. So much so, that the appellants themselves resorted to the lower court eight days after the motion had been filed in this Court, requesting redress in relation to the alleged action of the defendants and their counsel. The lower court has already decided said issue adversely to the appellee and we would not be able, for any purpose, to take said statements into account upon deciding whether the dismissal of the appeal lies or not.

The rules of the district courts, the Regulations of this Court and the Canons of Professional Ethics approved on July 19, 1935, (See 48 P.R.R. pages XI–XXIII) consider it malpractice to make personal accusations in the pleadings or briefs since the prestige of the profession should be kept at the highest level. As it was stated in the case of *López de Tord & Zayas Pizarro* v. *Molina,* 38 P.R.R. 737, 744:

". . . The field of judicial contest is, or should be, closed to any violence and from it should be excluded all that tends to personalism

and harshness of expression. It is not a field of battle in which any kind of arms can be used, but an arena or tournament where both contenders should use only the sword of reason and the invincible power of the law for making their contentions triumphant . . .''

It is true that, considering a similar question, in the case of *Benítez Flores* v. *Borinquen Trading Corp.*, 33 P.R.R. 481, 485, this Court stated as follows:

''Considering all of the circumstances, we are of the opinion that both motions should be overruled, but the court must censure any departure from the good practice of limiting the discussion to the facts and the law without unnecessarily and passionately indulging in personalities.''

Yet, the case at bar is stronger and we are of the opinion that we should not permit that the above copied paragraphs subsist in the appellee's pleadings, and in consequence, appellants' motion is denied as regard to its prayer that the removal of the appellee's motion from the record be ordered, and is granted as to its request that said paragraphs be ordered stricken from the amended motion which the appellee will file within ten days.